UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
DIJON HOLMES,

                Plaintiff,                   **COMPLAINT**

    against

                                     Docket No.: 24-CV-7433

CITY OF NEW YORK, RALPH AQUINO, KEVIN
McDERMOTT, and JOHN/JANE DOE 1-10 (the names
being fictitious as their identities are unknown),     **Jury Trial Demanded**

                Defendants.
------------------------------------------------------------------------ x

## NATURE OF THE ACTION

1. This is an action to recover money damages and personal property arising out of the violation of Plaintiff Dijon Holmes' ("Plaintiff") rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. Plaintiff filed a satisfactory notice of claim on or about January 19, 2024.

6. Plaintiff sat for a 50-h hearing on July 8, 2024.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff is a resident of New York County in the City and State of New York.

9. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of

police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant herein, Defendant Ralph Aquino ("Defendant Aquino") was a lieutenant employed by the NYPD.

11. At all times relevant herein, Defendant Kevin McDermott, shield number 2115 (the "Defendant McDermott") was a police officer employed by the NYPD.

12. At all times relevant herein, Defendants John/Jane Doe 1-10 (the "John/Jane Doe Defendants") were police officers, detectives, sergeants or supervisors employed by the NYPD. Plaintiff does not know the real names and/or shield numbers of Defendants.

13. Defendant Aquino, Defendant McDermott, and the John/Jane Doe Defendants are referred to collectively as "the Individual Defendants."

14. At all times relevant herein, the Individual Defendants were acting as agents, servants and employees of the City of New York and the NYPD. The Individual Defendants are sued in their individual and official capacities.

15. At all times relevant herein, the Individual Defendants were acting under color of state law.

## STATEMENT OF FACTS

16. On December 22, 2023, on the sidewalk in the vicinity of Adam Clayton Boulevard between West 135th Street and West 136th Street, at approximately 1:00 a.m., Plaintiff was falsely arrested and a victim of excessive force, battery, and conversion.

17. At the above time and place, Plaintiff was walking by when he observed NYPD police officers conducting a search of an acquaintance of Plaintiff.

18. Plaintiff asked why the police were searching him, at which time one the Individual Defendants asked Plaintiff for his ID.

19. Plaintiff refused to give them his ID, at which time the Individual Defendants placed Plaintiff against a wall and then slammed him to the ground without provocation, consent, or probable cause.  One of the Individual Defendants forcefully pushed Plaintiff's face into sidewalk.

20. Plaintiff lost consciousness as a result of the Individual Defendants' attack.

21. Despite causing Plaintiff to lose consciousness, the Individual Defendants continued to forcefully handcuff Plaintiff's arms behind his back as he lay motionless on the sidewalk.

22. Defendant McDermott had his leg pressed against Plaintiff's neck.

23. Despite being unconscious, the Individual Defendants left Plaintiff lying face down on the sidewalk with his hands handcuffed behind his back for some time.

24. When Plaintiff regained consciousness, he was at Harlem Hospital.

25. Plaintiff was never taken to an NYPD Precinct, Central Booking, or in front of a judge.

26. Plaintiff was just released at Harlem Hospital without any paperwork from the NYPD.

27. Plaintiff suffered, and continues to suffer, injuries all over his body.

28. The Individual Defendants also took a new $8,000.00 jacket from Plaintiff. They never returned it and never gave him a voucher for his jacket.

29. Prior to the assault of Plaintiff, Defendant Aquino had taken possession of Plaintiff's above jacket and he never returned it and never gave him a voucher for his jacket.

30. As a result of this incident, Plaintiff suffers from his physical injuries, along with increased fear of police, loss of liberty, emotional distress, anxiety and embarrassment.

FIRST CLAIM
FALSE ARREST

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. The Individual Defendants violated the Fourth and Fourteenth Amendments when they arrested Plaintiff, without probable cause, under color of state law.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged herein.

SECOND CLAIM
NEW YORK STATE LAW FALSE IMPRISONMENT AND FALSE ARREST

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. By their conduct, as described herein, the Individual Defendants are liable to Plaintiff for falsely imprisoning and falsely arresting Plaintiff.

36. Plaintiff was conscious of his confinement.

37. Plaintiff did not consent to his confinement.

38. Plaintiff's confinement was not otherwise privileged.

39. Defendant City of New York, as the employer of the Individual Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

40. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## THIRD CLAIM
## EXCESSIVE FORCE

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The Individual Defendants deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

43. The Individual Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that the Individual Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
## BATTERY

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. The Individual Defendants intentionally made unwanted and offensive bodily contact with Plaintiff.

47. Defendant City of New York, as the employer of the Individual Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

48. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
## FAILURE TO INTERVENE

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. Those Individual Defendants who were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, and had a duty to intervene and prevent such conduct and failed to intervene.

51. Accordingly, the Individual Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
## ABUSE OF PROCESS

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. Plaintiff's property was taken by one or more of the Individual Defendants for a purpose other than to criminally prosecute Plaintiff.

55. At the time the Individual Defendants took Plaintiff's jacket, they were acting under the color of law and in the course and general scope of their employment duties and official duties pursuant to the authority given to them by Defendant City of New York.

56. As a result of the abuse of process, Plaintiff suffered the loss of his $8000 jacket.

57. Plaintiff also suffered emotional damages as a result of the above conduct.

58. At all times herein mentioned, Defendant City of New York was and is vicariously liable for the abuse of process of its employees, including the Individual Defendants.

59. By reason of the foregoing intentional, unlawful, malicious, reckless and deliberately indifferent conduct and abuse of process, Plaintiff is entitled to recover the return of his seized property, compensatory damages and punitive damages in an amount to be determined by a jury as against Defendants.

## SEVENTH CLAIM
## CONVERSION

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. Plaintiff had a possessory right in the jacket.

62. The Individual Defendants took dominion over the property (or interfered with it), in derogation of Plaintiff's rights.

63. The taking of Plaintiff's jacket was for a purpose other than to criminally prosecute Plaintiff.

64. At the time the Individual Defendants took Plaintiff's jacket, they were acting under the color of law and in the course and general scope of their employment duties and official duties pursuant to the authority given to them by Defendant City of New York.

65. At all times herein mentioned, Defendant City of New York was and is vicariously liable for the actions of its employees.

66. That by reason of the foregoing intentional, unlawful, malicious, reckless and deliberately indifferent conduct and abuse of process, Plaintiff is entitled to recover the return of his seized property, compensatory damages and punitive damages in an amount to be determined by a jury as against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all Defendants, jointly and severally;

(b) Injunctive Relief in the form of the return of all Plaintiff's above seized property;

(c) Punitive damages against the Individual Defendants, jointly and severally;

(d) Reasonable attorneys' fees and costs, pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: October 1, 2024
       New York, New York

                                    BRUSTEIN LAW, P.L.L.C.

                            By:     ___/s/ Evan Brustein___
                                    Evan Brustein, Esq.
                                    299 Broadway, 17th Floor
                                    New York, New York 10007
                                    T. (917) 769-8748
                                    E. evan@brusteinlaw.com
                                    *Counsel for Plaintiff*